[637 NYS2d 909]

In the MATTER OF LAVERNE D. BRAYLEY et al., Appellants, v DOEHLER-JARVIS CASTINGS DIVISION OF NL INDUSTRIES, INC., et al., Respondents.

Fourth Department, February 2, 1996

## APPEARANCES OF COUNSEL

*Theodore S. Kantor* of counsel, Rochester *(Bilgore Reich Levine Kroll & Kantor),* for appellants.

*Kenneth W. DiGia* of counsel, New York City *(Epstein Becker & Green, P. C.),* for Doehler-Jarvis Castings Division of NL Industries, Inc., respondent.

## OPINION OF THE COURT

FALLON, J.

The Batavia plant of Doehler-Jarvis Castings Division of NL Industries, Inc. (respondent) was closed in early 1982 because of economic hardship. The plant's employees were entitled to severance pay, and those qualified for retirement were instructed to choose between severance or enhanced retirement benefits. Because petitioners were all over the age of 55 and had worked for respondent for more than 30 years, they were eligible for the enhanced retirement benefits. Petitioners all chose the retirement benefits over the 15 weeks of severance pay. In February 1982 petitioners commenced this proceeding pursuant to section 296 of the Executive Law alleging that respondent discriminated against them by forcing them to retire early and denying them severance pay. Subsequently, respondent offered petitioners a second opportunity to choose between severance pay and the enhanced retirement benefits. None of the petitioners elected to receive severance pay.

An initial probable cause determination was made in August 1982, and a hearing originally was scheduled for November 1984. At that first appearance, the parties agreed that the facts were essentially undisputed and the hearing was adjourned pending submission of a joint stipulation of facts. Respondent submitted its proposed stipulation in December 1984. Thereafter, hearings scheduled for January 1985, May 1986 and April 1987 were cancelled because of representations by petitioners' State Division of Human Rights (SDHR) attorney that he would agree to the proposed stipulation.

By April 1990 petitioners had yet to stipulate or specify their objections to respondent's proposed stipulation. The Administrative Law Judge (ALJ) requested a status report from the parties. Petitioners and their SDHR attorney failed to submit a report. The report submitted by respondent was accompanied by motions to dismiss for failure to prosecute, and because of intervening changes in law, or, in the alternative, for their

proposed stipulation to be deemed the joint stipulation. The ALJ recounted the history of the action in May 1990 and indicated that he was considering respondent's various motions. He asked for documentation to support the proposed stipulation, and "urgently solicited" comment on the proposed stipulation from petitioners.

In December 1990 the ALJ again requested that petitioners comment on the proposed stipulation. When no response was forthcoming, the ALJ made a detailed request for information from respondent in January 1991. Respondent submitted the information in evidentiary form on March 6, 1991. By letter dated March 27, 1991, the SDHR attorney requested an opportunity to respond to that submission by May 20, 1991. The ALJ's recommendation to dismiss the complaints was issued on March 31, 1991, and his recommendation was upheld by the SDHR's Executive Deputy Commissioner and Supreme Court.

The Employee Retirement Income Security Act (ERISA; 29 USC § 1001 *et seq.)* supersedes State law on employee benefit plans covered by ERISA (29 USC § 1144 [a]). Supreme Court found that respondent's severance plan was covered under ERISA as an employee welfare benefit plan, defined as "any plan, fund, or program * * * established or maintained * * * for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment * * * or (B) any benefit described in [29 USC § 186 (c)]"* (29 USC § 1002 [1]). In *Fort Halifax Packing Co. v Coyne* (482 US 1), the Supreme Court addressed an exception to ERISA preemption concerning welfare benefit plans. Passing on whether ERISA encompassed a State-imposed severance benefit, the Court noted that

"Congress intended pre-emption to afford employers the advantages of a uniform set of administrative procedures governed by a single set of regulations. This concern only arises, however, with respect to benefits whose provision by nature requires an ongoing administrative program to meet the employer's obligation. It is for this reason that Congress pre-empted state laws relating to *plans,* rather than simply to *benefits.* * * *

"The requirement of a one-time, lump-sum payment triggered by a single event requires no administrative scheme

---

* 29 USC § 186 (c) (6) explicitly adds severance benefits.

whatsoever to meet the employer's obligation" *(Fort Halifax Packing Co. v Coyne, supra,* at 11-12).

Hence, the linchpin for preemption under the *Fort Halifax* exception depended upon whether the plan is automatic in its execution or requires an administrative scheme involving the exercise of managerial discretion *(see, James v Fleet/ Norstar Fin. Group,* 992 F2d 463, 468; *Bogue v Ampex Corp.,* 976 F2d 1319, 1323, *cert denied* 507 US 1031).

The portion of respondent's severance plan regarding eligibility reads:

"Separation allowances may be granted only to full-time employees who are discharged because of lack of work, elimination of the job, or unacceptable job performance. Employees who have not completed the 3-month probationary period will not normally receive a separation allowance.

"No allowance will be granted in the case of resignations, retirements, or discharges for violation of Company rules, misconduct, dishonesty, or insubordination."

Because respondent's severance pay plan was not instituted solely to address plant closings, but addresses terminations under varying circumstances with different results *(see, Whittemore v Schlumberger Technology Corp.,* 976 F2d 922, 923), and because it requires more than the mere writing of a check upon the happening of a single event *(see, Fort Halifax Packing Co. v Coyne, supra),* the plan does not fall within the *Fort Halifax* exception to ERISA preemption.

Notwithstanding the *Fort Halifax* exception, subsequent to that case the Supreme Court noted that "plans to pay employees severance benefits, which are payable *only* upon termination of employment, are employee welfare benefit plans within the meaning of [ERISA]" *(Massachusetts v Morash,* 490 US 107, 116; *see also, Adams v Avondale Indus.,* 905 F2d 943, 947, *cert denied* 498 US 984). Thus, respondent's severance policy is preempted by ERISA.

Where preemption is found, the next inquiry is whether the plan violates the Age Discrimination in Employment Act ([ADEA] 29 USC § 621 *et seq.; see, Shaw v Delta Air Lines,* 463 US 85). The ADEA provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" (29 USC § 623 [a] [1]). Previously, subdivision (f) (2) provided that it was not unlawful

for an employer "to observe the terms of * * * any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this Act * * * except that no such employee benefit plan shall excuse the failure to hire any individual, and no such * * * employee benefit plan shall require or permit the involuntary retirement of any individual * * * because of the age of such individual". Applying that subdivision, the Supreme Court in *Public Empls. Retirement Sys. v Betts* (492 US 158, 181) held that a person challenging a retirement system had the "burden of proving that the discriminatory plan provision actually was intended to serve the purpose of discriminating in some non-fringe-benefit aspect of the employment relation". Although that holding was soundly rejected by Congress in the Older Workers Benefit Protection Act (Pub L 101-433), which took effect on December 12, 1990, that change was not retroactive and *Betts* is controlling here.

Applying *Betts,* the Third Circuit held that a severance plan that denied severance pay to laid-off employees who were eligible for retirement was not illegal: "The choice between retirement and unpaid layoff with recall rights does not constitute involuntary retirement where, as here, the employee's layoff status was unrelated to age" *(Equal Empl. Opportunity Commn. v Westinghouse Elec. Corp.,* 925 F2d 619, 634). Here, as well, petitioners' employment was to terminate regardless of age. The fact that respondent offered petitioners a choice between severance and retirement is not violative of the ADEA. As a result, petitioners have not stated grounds for relief under the ADEA. Where there is ERISA preemption and a finding that the employment practice was not prohibited by title VII of the Civil Rights Act of 1964, State law is superseded *(Shaw v Delta Air Lines, supra,* at 105–106; *Matter of Blue Cross & Blue Shield v State Div. of Human Rights,* 60 NY2d 570).

Accordingly, the petitions were properly dismissed.

GREEN, J. P., LAWTON, CALLAHAN and DOERR, JJ., concur.

Order unanimously affirmed, without costs.